NOTE: CHANGES MADE BY THE COURT

Marissa A. Warren, Esq., State Bar No. 249583
    Email: mwarren@ljdfa.com
Jennifer A. Schwarz, Esq., State Bar No. 253067
    Email: jschwarz@ljdfa.com
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
2677 North Main Street, Suite 901
Santa Ana, California 92705-6632
Telephone (714) 558-7008 • Facsimile (714) 972-0379

Attorneys for Defendant,
GARFIELD BEACH CVS, L.L.C., erroneously sued and served as
"CVS PHARMACY, INC."

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ROXANA VARGAS,<br><br>        Plaintiff,<br><br>    vs.<br><br>CVS PHARMACY, INC., a corporation: CVS HEALTH SOLUTIONS, LLC, a corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | **CASE NO.:** 2:23-CV-02213-GW(JPRx)<br>[Removal from Superior Court of California, Los Angeles, Case No.: 23TRCV00488]<br><br>DISTRICT JUDGE GEORGE H. WU<br>MAGISTRATE JUDGE JEAN P. ROSENBLUTH<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>ACTION FILED: February 21, 2023 |

1.    INTRODUCTION

1.1    PURPOSES AND LIMITATIONS

The Parties herein agree that the Discovery in this action is likely to involve production of certain confidential health care, business, commercial, personnel, financial proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to order, adjudge, and enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

1   information or items that are entitled to confidential treatment under the applicable legal
2   principles. The Parties further acknowledge, as set forth below, that this Stipulated
3   Protective Order does not entitle them to file Confidential Information under seal; Civil
4   Local Rule 79-5 sets forth the procedures that must be followed and the standards that will
5   be applied when a party seeks permission from the court to file material under seal.

6       1.2.  <u>GOOD CAUSE STATEMENT</u>

7        This action is likely to involve trade secrets, and other valuable research,
8   development, commercial, financial, technical, health care, and/or proprietary information
9   for which, as earlier stated, special protection from public disclosure and from use for any
10  purpose other than prosecution of this action may be warranted. The instant Action
11  involves an alleged incident that occurred on December 15, 2022, at the CVS store
12  location at 25829 Narbonne Avenue in Lomita, California. Plaintiff, ROXANA VARGAS
13  (hereinafter "Plaintiff"), was exiting CVS when she was allegedly injured by the store
14  building's automatic doors. Plaintiff contends that the doors closed and knocked her to the
15  ground, causing her to fracture her pelvis. Based on the nature of this Action, confidential
16  and proprietary materials and information consisting of, among other things, business or
17  financial information, confidential health care information, information regarding
18  confidential business practices, or other confidential research, development, or
19  commercial information (including information implicating privacy rights of third
20  parties), or information otherwise generally unavailable to the public, or which may be
21  privileged or otherwise protected from disclosure under state or federal statutes, court
22  rules, case decisions, or common law, may likely be disclosed in this matter.

23       Accordingly, to expedite the flow of information, to facilitate the prompt resolution
24  of disputes over confidentiality of discovery materials, to adequately protect information
25  the Parties are entitled to keep confidential, to ensure that the Parties are permitted
26  reasonably necessary uses of such material in preparation for and in the conduct of trial,
27  to address their handling at the end of the litigation, and serve the ends of justice, a
28  protective order for such information is justified in this matter. It is the intent of the Parties

in this Action that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

The Parties anticipate initial discovery in the form of requests for admission, requests for production of documents, and interrogatories. Further, a Party producing or propounding written discovery responses or documents that contain trade secrets, proprietary, or other confidential information ("Confidential Information") shall mark such documents with the word "CONFIDENTIAL." Documents so marked are sometimes referred to in this Order as "Protected Documents."

The potential harm associated with the dissemination of any and all Protected Documents or Confidential Information would be the public disclosure and distribution of each Party's confidential and sensitive health care information. Moreover, any disclosure of proprietary information that could be made to competitors of either Party, or to any person, corporation or entity who, upon reasonable and good faith inquiry, could be determined to be employees of or consultants for a competitor of any Party, irrespective of whether they are retained as an expert by counsel for a Party, unless such competitor of any party is also itself a Party to this Action, may be prejudicial to each respective Party.

2.   <u>DEFINITIONS</u>

2.1   Action: this pending federal lawsuit.

2.2.   Challenging Party: a Party or Nonparty that challenges the designation of information or items under this Order.

2.3   CONFIDENTIAL Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel, including support staff.

2.5     Designating Party: a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Nonparty: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party including support staff.

2.11    Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts and outside counsel.

2.12    Producing Party: a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

3.     SCOPE

The protections conferred by this Stipulation and Order covers (1) any information copied or extracted from Protected Documents; (2) all copies, excerpts, summaries, or compilations of Protected Documents; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Documents. Any use of Protected Documents at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Documents at trial.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it

STIPULATED PROTECTIVE ORDER

designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties, in writing, that it is withdrawing the inapplicable designation.

5.2    Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires that a Party producing or propounding written discovery responses or documents that contain trade secrets, proprietary, or other confidential information ("Confidential Information") shall mark each page of such documents with the word "CONFIDENTIAL." If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s). As stated above, the documents so marked are sometimes referred to in this Order as "Protected Documents." The Parties agree that they will be judicious and reasonable in designating materials as confidential under this Order.

If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses or discusses Confidential Information, counsel for the deponent or the Party with whom the deponent is affiliated, or counsel for any Party to this Action, shall inform the deposing counsel of the confidentiality of any such testimony or exhibit and shall designate the testimony or exhibit as Confidential, either contemporaneously during the deposition or within thirty (30) days after receiving a copy of the deposition transcript.  The Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition. Unless otherwise agreed, all depositions which do or may contain Confidential Information shall be treated as confidential during the thirty (30) day period set forth above.  Each transcript so designated shall be treated as a Protected Document, and all such testimony so designated shall be treated as Confidential Information, except as otherwise agreed or ordered.  The deposition of any witness (or any portion of such deposition) that does or may encompass Confidential Information shall be taken only in

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

the presence of persons who are qualified to have access to such information.  For purposes of this Order, a deponent is "affiliated" with a Party if he or she is a past or present officer, director, shareholder, agent, employee, consultant or representative of such Party.  All court reporters and videographers engaged to record and/or videotape depositions in this case will be informed of this Order and will be required to sign an agreement to operate in a manner consistent with this Order.

Confidential Information and Protected Documents shall be used solely and exclusively for the purpose of this litigation and, under no circumstance, may Confidential Information or Protected Documents be used in any other action or for any purposes unrelated to this litigation unless a court so orders.  Confidential Information shall not be used, shown, disseminated, copied, or in any way communicated, transferred or disclosed, orally or by any other means, to anyone for any purpose whatsoever, other than as required for the preparation and trial of this Action.  Access to Confidential Information shall be limited to those persons designated by this Order, and all persons given access to Confidential Information shall keep all Confidential Information and the material contained therein confidential from all other persons.

All documents and all briefs and other papers containing, referring to or otherwise disclosing Protected Documents or Confidential Information which are filed with or otherwise submitted to the Court shall not be disclosed except as provided in this Order.  All such documents filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL" prior to such filing or submission and must be submitted in compliance with Local Rule 79-5.

In no event shall any disclosure of Protected Documents or Confidential Information be made to competitors of any Party, or to any other person, corporation or entity who, upon reasonable and good faith inquiry, could be determined to be employees of or consultants for a competitor of any Party, irrespective of whether they are retained as an expert by counsel for a Party, unless such competitor of any Party is also itself a Party to this Litigation, in which case disclosure shall be made in accordance with the

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

terms and provisions herein.

Before being given access to any Protected Documents or Confidential Information, each Qualified Person (other than the Court) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A," to be bound by and to comply with the terms of this Order. Counsel for each Party shall maintain a list of all Qualified Persons to whom they or their client have provided any Confidential Information, and that list shall be available for inspection. Opposing counsel shall be notified at least fourteen (14) days prior to disclosure to any person known to be an employee or agent of, or consultant to, any competitor of the Party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the person, all their potential affiliations with any competitor of any Party, to whom disclosure is to be made sufficient to permit objections to be made.  If a Party objects in writing to such disclosures within fourteen (14) days of receipt of notice, no disclosure shall be made until the Party seeking to make the disclosure obtains prior approval of the Court or the objecting Party.

The Parties recognize that, during the course of this Action, there may be produced Protected Documents or Confidential Information originating from a Non-Party to which there exists an obligation of confidentiality.  Information originating from a Non-Party that a Designating Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Confidential Information and shall be subject to the restrictions on disclosure specified in this Protective Order.

Third parties producing documents in the course of this litigation may also designate documents as "CONFIDENTIAL," subject to the same protections and constraints as the Parties to the Action.  A copy of the Protective Order shall be served along with any subpoena to a third party in connection with this Action.  All documents produced by such third parties shall be treated as "CONFIDENTIAL" for a period of fourteen (14) days from the date of their production, and, during that period, any Party may designate such documents as "Confidential" pursuant to the terms of the Protective

Order.

For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3.   In the event any Party or Non-Party discovers, after it has produced documents or information, that it has inadvertently produced documents or information that should have been, but was not, designated as Confidential Information, the producing Party may designate the documents or information as Confidential Information by a subsequent notice in writing specifically identifying the documents or information and furnishing such documents or information with the correct designation, in which event the Parties shall, thereafter, treat such documents or information as Confidential Information under this Order, and the recipient of such improperly designated documents or information shall undertake their  best effort to retrieve any disclosure, dissemination, or use of such improperly designated documents or information from persons not entitled to receive such documents and, upon receipt of the properly designated substitute documents or information, shall return or destroy the previously received improperly designated documents.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Protected Documents, and the information and contents thereof, and Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

a.    The Parties and their respective employees and agents;

b.    Counsel of record for the Parties and direct employees of such counsel who are materially assisting in the preparation or trial of this Action;

c.    Experts and consultants retained by a Party whose assistance is necessary for trial preparation of this specific action, provided that no such disclosure shall ever be made to any person employed by or consulting for any competitor of any Defendant or Specially-Appearing Defendant unless that competitor is a party to this action;

d.    The Court and the Court's personnel;

e.    Court reporters, their staff, and videographers;

f.    Professional trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

g.     During their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

h.     Any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

i.     Any person mutually agreed upon in writing by all Parties.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

a.     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

b.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a

determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

a.      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      Make the information requested available for inspection by the Non-Party, if requested.

c.      If the Non-Party fails to seek a protective order from this court within twenty-one (21) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Documents.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

In the event any Party or Non-Party discovers, after it has produced documents or information, that it has inadvertently produced documents or information that should have been, but was not, designated as Confidential Information, the producing Party may designate the documents or information as Confidential Information by a subsequent notice in writing specifically identifying the documents or information and furnishing such documents or information with the correct designation, in which event the Parties shall, thereafter, treat such documents or information as Confidential Information under this Order, and the recipient of such improperly designated documents or information shall undertake their best effort to retrieve any disclosure, dissemination, or use of such improperly designated documents or information from persons not entitled to receive such documents and, upon receipt of the properly designated substitute documents or information, shall return or destroy the previously received improperly designated documents.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Documents, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court provided the Court so allows.

Any copy of a Protected Document distributed to a Qualified Person shall be returned to counsel for the Producing Party at the completion of the Qualified Person's consultation or representation in this case. Such Qualified Person shall, upon the request of counsel for the Producing Party or the Court, execute an affidavit stating that all such documents and copies of such documents have been returned as required.

Except to the extent otherwise permitted by this Order, counsel shall keep all materials and information designated as confidential and subject to this Protective Order within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone.

12. <u>MISCELLANEOUS</u>

12.1   Except to the extent permitted by this Order, each and every Qualified Person provided copies of or access to material designated as confidential pursuant to this Order shall keep all such materials and any permitted copies, notes, abstracts, or summaries of such material within their exclusive possession and control and shall exercise all necessary and prudent precautions to maintain the confidentiality of all such materials and shall not disseminate such materials or their contents to anyone.

12.2.   Any Qualified Person having access to material or information designated confidential under this Protective Order, to the extent copies, duplicates, extracts,

summaries, notes, or descriptions of the materials or information of any portion thereof, are created, shall treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials, or information of any portion thereof, as confidential and all provisions of this Protective Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential by any defendant.

12.3.   Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege; provided that the Producing Party notifies the Receiving Party in writing via e-mail, with confirmation by mail, of such inadvertent production.   Such inadvertently produced documents, and all copies thereof, shall be returned to the Producing Party upon timely request.   No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the Receiving Party from requesting that the Court order the production of any such inadvertently produced documents, except such request may not be based upon the argument of waiver of the privilege or right to withhold documents.

12.4.   In the event any Non-Party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered Confidential Information by such Non-Party, such Non-Party may elect to be bound by the terms of this Order by notifying counsel for all Parties in writing.   Upon service of such notice such non-Party may designate documents and information as Confidential Information in the manner set forth in this Order, and such Non-Party's Confidential Information shall be treated in the same manner as the Confidential Information of a Party to this Action.

12.5.   After the termination of this Action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding.   This Protective Order is and shall be deemed to be an enforceable agreement between the Parties (and their agents and attorneys, to the extent permissible by the applicable rules of professional conduct), and the terms of this Order may be enforced by specific performance in any

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

court of competent jurisdiction.

12.6   A Party that seeks to file under seal any Protected Documents must comply with Civil Local Rule 79-5.

12.7   Protected Documents may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Documents at issue.

12.8   Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.9   By stipulating to the entry of this order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.   <u>FINAL DISPOSITION</u>

Within sixty (60) days after the termination of this action by entry of a final judgment or order of dismissal, each Party shall either (a) return to the Producing Party all materials designated as Confidential Information under this Order and all copies thereof, or (b) destroy such documents upon consent of the Party who provided the information and certify in writing within thirty (30) days after destruction that the documents have been destroyed.  Outside counsel for each Party may retain copies of pleadings filed in Court, and of deposition and court transcripts or recordings.  Each Non-Party or other person subject to the terms of this Order, shall within sixty (60) days after the termination of this action by entry of a final judgment or order of dismissal either (a) return to the Producing Party all materials designated as Confidential Information under this Order and all copies thereof, or (b) destroy such documents upon consent of the Party who provided the information, and certify in writing within thirty (30) days after destruction that the documents have been destroyed.

13.1.  To the extent that exhibit lists are filed in this case, the Parties shall, at the appropriate time, address the use and protection of such confidential documents at trial.

13.2.  This Order does not constitute a waiver of any Party's right to object to

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

discovery on any ground, including the ground that information sought contains trade secrets or other confidential business information, nor does it constitute an admission or representation by any Party that any document or information designated as CONFIDENTIAL is in fact a trade secret or contains confidential financial, health care, proprietary, or business information.

13.3.  Nothing in this Order shall be deemed to limit a Party's right to disclose to any person its own information and documents for any purpose.

13.4.  The Parties further agree that any legend or stamp utilized for document numbering or to identify or designate documents as being confidential, shall be placed, to the extent physically possible, on such documents so as not to obliterate, cover, or interfere with the reading of the substance of the documents and information contained within such documents.

13.5.  If a Party contends that any document has been erroneously, unreasonably or inappropriately designated "CONFIDENTIAL," it shall nevertheless treat the document as confidential unless and until it either (a) obtains written permission from the Party that designated the document as Confidential to do otherwise, or (b) identifies the specific document and, upon a showing of some need or resulting prejudice, obtains an Order of this Court stating that the document is not confidential and shall not be given confidential treatment.  Nothing in this Order shall constitute a waiver of any Party's right to object to the designation of a particular document as confidential.  If the document at issue was produced by a third party, the Party objecting to the designation of "Confidential" shall provide that third party with notice of its objection, with copies of any pleadings filed regarding the designation of that third party's documents and with notice of any hearing that may be conducted related to the designation of that third party's document(s).

13.6.  The Parties reserve the right to move the Court for an order to amend or to set aside this Stipulated Protective Order, in whole or in part, upon good cause shown.

13.7.  The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

14.   <u>SANCTIONS</u>

Any violation of this Order may be punished by any and all appropriate measures within the Court's discretion, including contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  1/4/24                    LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

                                           */s/JAS*

                                           _____
                                           MARISSA A. WARREN, ESQ.
                                           JENNIFER A. SCHWARZ, ESQ.
                                           Attorneys for Defendant,
                                           GARFIELD BEACH CVS, L.L.C., erroneously sued and served as "CVS PHARMACY, INC."

DATED:   1/4/24                       MORGAN & MORGAN LOS ANGELES, LLP

                                           */S/ NS*

                                           _____
                                           NINELI SARKISSIAN, Esq.
                                           Attorney for Plaintiff,
                                           ROXANA VARGAS, an individual

1

2    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

3

4    DATED:  1/10/2024

5    _____

6    HON. JEAN P. ROSENBLUTH
     United States Magistrate Judge
7    United States District Court for the Central District of
8    California

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on November 30, 2023 in the case of **ROXANA VARGAS v. CVS PHARMACY, INC., ET.AL.** and CASE NO.: 2:23-cv-02213-GW(JPRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA       ]

                                      ] ss.

COUNTY OF ORANGE       ]

       I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 2677 North Main Street, Suite 901, Santa Ana, California 92705-6632.

       On January 4, 2024, I served the foregoing document described as **STIPULATED PROTECTIVE ORDER** to be electronically filed with the United States District Court, Central District of California – Western Division by using the CM/ECF system.

       I certify that the following parties or their counsel of record are registered as ECF Filers and they will be served by the CM/ECF system:

Nineli Sarkissian, Esq.
Morgan & Morgan Los Angeles, LLP
633 W. 5th Street, Suite 2200
Los Angeles, CA 90071
Phone: (213) 757-6088
Fax: (213) 757-6188
Email: nsarkissian@forthepeople.com
***Attorney for Plaintiff, ROXANA VARGAS***

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on January 4, 2024, at Santa Ana, California.

*JEANNIE LASTUFKA*